MERCHANTS BANK, PLAINTIFF IN ERROR, V. STEWART McCONIGA ET AL., DEFENDANTS IN ERROR.

8 245
39 186

**Trust Estate:** DECLARATIONS OF TRUSTEE CONCERNING: COMPETENCY OF. In support of an alleged conveyance of real estate by one Lincoln and wife "to George P. Eaton, as cashier, agent, and trustee of said bank and in trust for said bank," the defendants offered in evidence a deed from said Lincoln to George P. Eaton, not as "cashier, agent, and trustee", but in his individual capacity, and for aught that appeared for his own individual use and benefit. The deed was admitted in evidence against objection by the bank on the ground of incompetency. *Held,* error. *Held, also,* that the oral declarations of Eaton, made subsequently to the conveyance, were incompetent as evidence against both Lincoln and the bank to establish the character of the alleged trust.

ACTION in the district court for Lancaster county upon two promissory notes, one being for $2,000 and one for $3,000, executed by S. McConiga, Wm. C. Lincoln, W. F. Chapin, and McConiga & Lincoln. The defense to the action is set forth in the opinion. Upon the issues presented the jury returned a verdict for the defendants, and the plaintiff brought the cause up by a petition in error.

*T. M. Marquett,* for plaintiff in error.

It is not pretended that George P. Eaton had any authority from the board of directors to secure this mill property in payment and release McConiga. *Merchants Bank v. Rudolf,* 5 Neb., 536. Nothing short of payment or an appropriation of property to payment would release the defendant. *Hodge v. Bank,* 22 Gratt., 51. *Olney v. Chadsy,* 7 Rhode Island, 224. *U. S. v. City Bank,* 21 Howard, 358. *Peninsular Bank v. Hanmer,* 14 Mich., 208. Daniels on Negotiable Notes, 297. *Banks v. Haskell,* 51 N. H., 116.

*James E. Philpott* and *Brown, Marshall & Brown*, for defendants in error.

1. When one of two co-partners purchases the interest of the other in the partnership property, and assumes and agrees to pay the partnership debts, as to such debts the former becomes, in equity, the principal debtor, and the latter a surety, and this relationship a firm creditor, having notice of the agreement, is bound to observe. *Colgrove v. Tallman*, 67 N. Y., 95. *Frow, Jacobs & Co.'s Estate*, 73 Pa. St., 459. Brandt on Suretyship and Guaranty, Secs. 261–262.

2. If, under such circumstances, the creditor parts with any securities, or any property or fund, which he would be entitled to apply in discharge of his debt, the surety becomes exonerated to the extent of the value of such securities. The securities which the creditor is entitled to apply in discharge of his debt he is bound to apply, or to hold them as trustee, ready to be applied for the benefit of the surety. *Cullum v. Emanuel*, 1 Ala., 23. Brandt on Suretyship and Guaranty, Sec. 261. 2 Vol. Daniel on Negotiable Instruments, 289–290.

3. If the conveyance by Lincoln had been made directly to the bank instead of George P. Eaton, its cashier, it would not, in the light of the foregoing authorities, be seriously contended that McConiga is not entitled to a credit on these notes to the amount of the property conveyed. This property, instead of being conveyed to the bank, was conveyed to its cashier, who is the executive officer of the bank, through whom and by whom the whole monied operation of the bank, in paying or receiving debts, or discharging or transferring securities, is conducted. *Flickner v. Bank of the U. S.*, 8 Wheat., 300–361. Angell and Ames on Corporations, Sec. 299.

4.   The question as to whether George P. Eaton, in receiving and transferring this property was acting in his individual capacity or as cashier and agent of the bank, is a question of fact for the jury, and upon this question, as upon all others properly submitted to them, their finding will not be reversed if there is any evidence to support it.   *Caldwell v. Mohawk Valley Bank*, 64 Barb., 333.   *Thompson v. Bell*, 10 Exch., 10.   1 Vol. Fisher's Digest, 582.   *Blackburn v. Ostrander*, 5 Neb., 219.   *The A. & N. R. R. Co. v. Washburn*, 5 Neb., 117. Morse on Banks and Banking, 680.

LAKE, J.

In the consideration of this case I shall confine myself mainly to two points made in the motion for a new trial, viz.:   1st.   That the court erred in the admission of certain evidence to the jury; and, 2d, that the verdict was not warranted by the evidence.

The action against the defendants below was brought upon two promissory notes signed by all the defendants as principals.   It was answered, however, by the defendant Chapin, and it seems to be conceded, that he was in truth only a surety for the other defendants, which fact was well understood by the plaintiff. McConiga answered, in substance, that notwithstanding he was a principal on the notes, an arrangement had been made between him and his co-maker, Lincoln, soon after they were given, by which the latter had agreed, for a valuable consideration, to pay them and save him harmless therefrom, which arrangement was well known by the plaintiff.   And both Chapin and McConiga urge as a defense, that with a full knowledge of their relationship to the notes, the bank accepted a conveyance of certain real estate from Lincoln to its cashier, George P. Eaton, as security for their payment, and that by reason of the bank having misapplied such

security to their injury they were released from all liability thereon. The following quotation from one of the answers will show clearly the character of this defense: "That on the 15th day of April, A.D. 1874, the said Lincoln was seized in fee simple of the following estate situate in the city of Lincoln, county of Lancaster, and state of Nebraska, to-wit: lots one, two, three, four, five, and six, in block one hundred and fifteen. That said property at the said date, and ever since, was and now is worth the sum of sixteen thousand dollars, and that on the said date, to-wit: the 15th day of April, 1874, the said Lincoln and Nora Lincoln, his wife, by their deed in fee simple, duly executed and delivered, conveyed to the said George P. Eaton, as cashier, agent, and trustee of said bank, and in trust for said bank, the above described property. That said conveyance of said lots was made by the said Lincoln, as aforesaid, to the said George P. Eaton, as aforesaid, as a security to said bank for the payment to said bank of the said notes, in pursuance of the said agreement between said Lincoln and McConiga, and that the said property so conveyed was of sufficient value to pay said notes in full, and a great deal more." This is followed by a definite charge of misapplication of this security by the bank by a conveyance of the property to one Charles T. Trego.

The reply, in addition to taking issue upon this answer, sets up the third section of chapter twenty-five of the General Statutes in bar. By this section it is enacted that "no estate or interest in land, other than for leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, or surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting,

assigning, surrendering, or declaring the same." Gen. Stat., 392.

It has been observed that by the allegations of the answer an absolute conveyance of the lands in question to "George P. Eaton, *as cashier, agent, and trustee*" of the bank, is charged; and, in addition, substantially, that the conveyance was as a special security for the payment of the notes in controversy. If all this were true an express trust was thereby created by Lincoln himself, and which the bank was bound to execute. To maintain the issues on their part the defendants offered in evidence a deed of said lands from Lincoln and wife to George P. Eaton, not "as cashier, agent, and trustee of said bank," nor, so far as disclosed by the instrument, as a security for the payment of these notes, but to him in his individual capacity, and for his own use and benefit. An objection to the admission of this deed was made on the ground of incompetency. This objection was overruled, and, as we think, erroneously. Most clearly this deed was not the character of instrument described in the defendant's answer, nor did it tend to prove the conveyance which the defendants had alleged. And perhaps it should be stated further that this objection to this deed was not obviated by the production of any other written instrument showing that Eaton took the land in the capacity charged, or that the purpose of Lincoln in making the conveyance was to secure the payment of the notes in question. The sole support of the allegations of the answers as to the purpose for which Lincoln made the conveyance, relied on by the defendants, consisted of certain oral declarations said to have been afterwards made to them by Eaton. Clearly, the trust could not be established in this manner. Its character, if one were in fact created, was fixed by the agreement and understanding between Lincoln and Eaton at the time

of making the conveyance, and not by Eaton's subsequent oral declarations as to the purpose for which he held the land, by which declarations neither Lincoln nor the bank could be bound. Several other deeds which were wholly incompetent were erroneously admitted in evidence, against objections, but it is unnecessary to refer particularly to them in this opinion.

That the verdict was not warranted by the evidence is perhaps sufficiently apparent from what has already been said. As before shown, the defendants relied solely upon Eaton's oral declarations made subsequently to the sale, to establish the alleged trust; not as against Eaton himself, but as against Lincoln, the grantor, on the one hand, and the bank, of which Eaton was cashier, on the other. Besides the testimony as to these declarations, there was not a particle of evidence to show that the conveyance of the property to Eaton was intended as a security for the payment of the notes in controversy. And as to these declarations, not only were they wholly incompetent under the statute of frauds to establish the trust, but they were likewise incompetent under the ordinary rules of evidence to bind either Lincoln or the bank. As to the former, it cannot be seriously claimed that he could be bound by what Eaton might have said of the sale in his absence, and to which he had in nowise assented. And as to the latter, the declarations not being within the scope of his authority either as cashier or trustee of the bank, they were not binding upon it, and ought to have been kept from the jury.

For these reasons the judgment of the court below is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.

COBB, J., having been of counsel in the court below, did not sit.